FILED
MISSOULA, MT

2006 NOV 14 PM 5 13

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DOUG F. RAYMOS, | ) CV 06-154-M-DWM |
| Plaintiff, | ) |
| vs. | ) ORDER |
| SHERIFF HUGH HOPWOOD, UNDERSHERIFF MIKE JOHNSON, OFFICER KEITH MILES, | ) |
| Defendants. | ) |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on October 11, 2006. After receiving an extension of time to file objections, Plaintiff timely objected on November 6, 2006. Plaintiff therefore is entitled to de novo review of the record. 28 U.S.C. § 636(b)(1). Plaintiff's claims arose out of a search of his person conducted while he was an inmate at the Mineral County Detention Facility. After a preliminary screening of Plaintiff's

complaint, Judge Lynch recommended dismissing with prejudice Plaintiff's claims regarding the search and the lack of a formal grievance procedure. Despite Plaintiff's objections, I agree with Judge Lynch's recommendation.

Plaintiff first contends the search, in which an officer allegedly "grabbed [Plaintiff's] penis, scrotum, and ran his hand against [Plaintiff's] rectum," amounted to a sexual assault. As Judge Lynch correctly concluded, however, the search did not violate the Eighth Amendment prohibition against cruel and unusual punishment or the Fourth Amendment prohibition against unreasonable searches. The search was conducted after contraband was found on other inmates in Plaintiff's vicinity. Specifically, another inmate was found to have contraband tied around his penis. In light of these circumstances, the search of Plaintiff was not, as a matter of law, cruel and unusual or unreasonable. See Grummett v. Rushen, 779 F.2d 491, 492-93 (9th Cir. 1985) (concluding prison policy that permitted female guards to conduct pat-down searches of male inmates, including the groin area, did not violate the Eighth Amendment); Bell v. Wolfish, 441 U.S. 520, 559 (1979) (noting determining the reasonableness of a search "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails").

Plaintiff also contends he has a right to have jail

officials respond to the grievance he filed. Plaintiff, however, has no protected liberty interest on which to base his claim regarding the Mineral County Detention Facility's grievance procedure because "[t]here is no legitimate claim of entitlement to a grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Therefore, Judge Lynch rightly recommended dismissing Plaintiff's claim regarding the lack of a formal grievance procedure.

Lastly, Plaintiff objects to Judge Lynch's denial of his motion for appointment of counsel. Plaintiff argues an attorney should be appointed to represent him because of the seriousness of his sexual assault claim. He contends the seriousness of the allegations offset Judge Lynch's determination that Plaintiff is not likely to succeed on the merits of his claims. Plaintiff does not have a constitutional right to appointed counsel in this case. Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998). Rather, the Court may appoint counsel where an evaluation of the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se indicate exceptional circumstances. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); see also 28 U.S.C. § 1915(e)(1). Judge Lynch considered these factors in denying Plaintiff's motion. Judge Lynch's analysis is not clearly erroneous or contrary to law.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's

Findings and Recommendation are adopted in full. Plaintiff's claims regarding the search and the lack of a formal grievance procedure are DISMISSED WITH PREJUDICE.

Dated this 14th day of November, 2006.

Donald W. Molloy, Chief Judge
United States District Court