FILED
MISSOULA, MT

2007 MAR 23 PM 4 22

IN THE UNITED STATES DISTRICT COURT
PATRICK E. DUFFY

FOR THE DISTRICT OF MONTANA
BY_____
DEPUTY CLERK

MISSOULA DIVISION

| | |
|---|---|
| DOUG F. RAYMOS, ) | Cause No. CV 06-154-M-DWM-JCL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | FINDINGS AND RECOMMENDATION |
| ) | OF U.S. MAGISTRATE JUDGE |
| SHERIFF HUGH HOPWOOD; ) | |
| UNDERSHERIFF MIKE JOHNSON; ) | |
| OFFICER KEITH MILES, ) | |
| ) | |
| Defendants. ) | |

Defendants in this action were personally served by the United States Marshals Service on

December 27, 2006. *See* Returns of Summonses (docs. 12, 13, 14). Their Answers were due on

January 16, 2007. They failed to appear. By Order of this Court, their default was entered on

February 1, 2007.

At the same time, Raymos was advised that, because his Complaint only requests "any relief

[he is] entitled to by law," he must ask the Court to grant some type of relief. In response to the

Order, he merely repeated what the Court had said. The Court can only conclude that he will accept

any relief that is awarded by the Court.

Raymos, who was a pretrial detainee at the time of the actions at issue, alleges that the

Defendants violated his due process rights by punishing him without notice and a hearing. It is

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

clearly established federal law that pretrial detainees are entitled to due process before they can be placed in lockdown as punishment. *See Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996) (distinguishing *Sandin v. Conner*, 515 U.S. 472 (1995)). As a result of their failure to appear, their liability is established. *See, e.g., In re Lam*, 192 F.3d 1309, 1311 (9th Cir. 1999) ("Federal courts are not run like a casino game in which players may enter and exit on pure whim."); *In re The Home Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002) ("it is precisely the right to contest liability that a party gives up when it declines to participate in the judicial process.").

Raymos was punished by being placed in lockdown for thirty days. Ten dollars per day is adequate compensation for the loss of his due process right. He should also be awarded costs, which would include the $350.00 filing fee. If Raymos *personally* incurred additional expenses, such as photocopying or postage, he is also entitled to be reimbursed for them; he is not entitled to such costs if they were paid by the jail. He may state any such additional costs in response to the Findings and Recommendation.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

The Court should direct the Clerk of Court to enter, by separate document, default judgment in favor of Plaintiff Raymos and against the Defendants, jointly and severally, in the amount of $300.00 as well as costs.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within ten

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

(10) business days after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

DATED this 23 rd day of March, 2007.

Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3